UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

THE NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS PENSION FUND, ET AL.,

                Plaintiffs,

      - against -                       10 Civ. 01358 (RJH)

WOODCRAFT INSTALLERS, INC.,

                Defendant.
------------------------------------x

### Memorandum Opinion and Order

Plaintiffs petition the Court pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, to confirm an arbitration award issued December 16, 2009.[1] The complaint was filed on February 9, 2010, and defendant was served on March 2, 2010. [1; 3] On April 21, 2010, plaintiffs filed their motion for default judgment. To date, no counsel has appeared on defendant's behalf and the Court has received no opposition or other communication from defendant.

"[T]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984). Under § 9 of the FAA, upon timely

---

[1] Although the plaintiff styles his current request [4] as a motion for default judgment,
    default judgments in confirmation/vacatur proceedings are generally inappropriate. A
    motion to confirm or vacate an award is generally accompanied by a record, such as an
    agreement to arbitrate and the arbitration award decision itself, that may resolve many of
    the merits or at least command judicial deference. When a court has before it such a
    record, rather than only the allegations of one party found in complaints, the judgment the
    court enters should be based on the record.
*D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). Rather, the Court treats plaintiff's motion as a petition for confirmation of an arbitration award and bases this decision not only on defendant's default but on the arbitral record before it.

application by any party, a court *must* grant an order to confirm an arbitration award unless the award is vacated, modified, or corrected as prescribed in §§ 10 and 11 of the FAA. *See Marsillo v. Geniton*, No. 03 Civ. 2117 (TPG), 2004 WL 1207925, at *4 (S.D.N.Y. June 1, 2004). Plaintiffs' petition to confirm the arbitration award [1] is hereby GRANTED. Judgment is entered for the plaintiffs in the amount of Twenty One Thousand, Seven Hundred and Twenty Five & 95/100 dollars ($21,725.95) which is to be paid forthwith by Woodcraft Installers, Inc. with interest accrued at the rate of 5.25% per annum from December 16, 2009, the date of the Award.

SO ORDERED

Dated: New York, New York
   May 11, 2010

_____
Richard J. Holwell
United States District Judge